UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ERNEST PIERRE PATELLA,<br><br>            Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>            Defendants. | No. 1:24-cv-00228 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF, BY **JULY 18, 2024**, TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER, OR, IN THE ALTERNATIVE, BY **JULY 18, 2024**, PLAINTIFF MAY EITHER: 1- PAY THE FILING FEE IN FULL, OR 2- COMPLETE AN IN FORMA PAUPERIS APPLICATION.<br><br>(ECF No. 3)<br><br>ORDER DENYING PLAINTIFF'S MOTION AS PREMATURE<br><br>(ECF No. 4) |

Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. In addition, the outstanding motion Plaintiff has filed will be denied as prematurely filed.

I.     RELEVANT HISTORY

1

This matter was docketed in this Court on February 22, 2024. ECF No. 1 at 1. On February 23, 2024, the Court ordered Plaintiff to submit an application to proceed in forma pauperis and to do so within forty-five days. ECF No. 3. In the alternative, Plaintiff was given the option of paying the filing fee in full within the same time period. See id. at 1.

On March 11, 2024, a document filed by Plaintiff that was labeled "First Modification / Motion / Amendment To" was docketed. ECF No. 4. In it Plaintiff requests, among other things, a protective order, an investigation, and the securing of his phone records, texts and emails. See generally id.

## II. DISCUSSION

### A. Showing of Cause

More than forty-five days have now passed and Plaintiff has neither filed an application to proceed in forma pauperis along with a six-month inmate trust fund account statement, nor has he paid the filing fee in full or otherwise responded to the Court's order. 28 U.S.C. § 1915(a)(1)-(2) (stating in forma pauperis requirements for prisoners).

For these reasons Plaintiff will be ordered to show cause why this matter should not be dismissed. As an alternative to filing the showing of cause, Plaintiff may either file an application to proceed in forma pauperis along with his six-month trust fund account statement, or he may pay the filing fee in full. He will be given thirty days to take one of these three courses of action.

### B. Plaintiff's Pending Motion

Plaintiff's outstanding motion (ECF No. 4) must be denied as Plaintiff has neither paid the filing fee nor filed a completed application to proceed in forma pauperis along with a six-month trust account statement, thus the Court is unable to consider the filing. See generally 28 U.S.C. § 1914(a) (stating Clerk of Court shall require parties instituting any civil action to pay filing fee). This motion is therefore premature, and it will be denied as such.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of the Court's Application to Proceed In Forma Pauperis By a Prisoner;

2. Within thirty days from the date of this order – **by July 18, 2024**, – Plaintiff shall SHOW CAUSE why this matter should not be dismissed for failure to obey a court order;

3. As an alternative to filing the showing of cause, Plaintiff shall do one of the following by **July 18, 2024**:

    a. Complete and return the application to proceed in forma pauperis along with his six-month inmate trust account statement, or

    b. Pay the filing fee in full, and

4. Plaintiff's motion, docketed March 11, 2024 (ECF No. 4), is DENIED as PREMATURELY FILED.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **June 18, 2024**                    **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE