UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ERNEST PIERRE PATELLA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | No.  1:24-cv-00228 KES GSA (PC).<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 7 |

    Plaintiff, who appears to be a former county jail inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.[1] The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Plaintiff initiated this action on February 22, 2024. Doc. 1. On February 23, 2024, the assigned magistrate judge issued an order requiring plaintiff to either submit an application to proceed in forma pauperis or to pay the filing fee to proceed with this action. Doc. 3. On March 11, 2024, plaintiff filed a motion, which requested, among other things, a protective order, an investigation, and the securing of his phone records, texts and emails and which contained a partially completed in forma pauperis application. Doc. 4. On June 20, 2024, the assigned

---

[1] On July 1, 2024, an order sent to plaintiff was returned to the Court marked "Undeliverable, Not in Custody."

1

magistrate judge found that this filing did not comply with the magistrate judge's February 23, 2024 order and issued an order requiring plaintiff to show cause why this matter should not be dismissed for failure to obey a court order or, in the alternative, to submit a completed in forma pauperis application or pay the filing fee.  Doc. 5.  On July 1, 2024, the order to show cause was returned as "Undeliverable, Not in Custody."  *See* Docket.

Therefore, on September 30, 2024, the magistrate judge issued findings and recommendations recommending that this action be dismissed pursuant to Local Rule 183(b) for plaintiff's failure to file a notice of current address with the Court within 63 days of the return of mail directed to him as undeliverable.[2]  Doc. 7.  The findings and recommendations were served on plaintiff and contained notice to him that any objections were to be filed within fourteen days.[3]  *Id.* at 2.  Plaintiff has not filed objections, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, the Court concludes that the finding that plaintiff failed to prosecute his case due to his failure to update the Court with his current address is supported by the record, and that the case should be dismissed without prejudice.  The Ninth Circuit has held that, prior to dismissing a case as a sanction for a plaintiff's failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The magistrate judge's order did not consider the *Henderson* factors as required.  The

---

[2] Local Rule 183(b) provides: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

[3] Though the findings and recommendations were returned to the Court as undeliverable, they were properly served on plaintiff.  *See* Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

Court has independently considered the *Henderson* factors and finds that they weigh in favor of dismissal. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, if plaintiff does not litigate his case. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The Court issued an order to show cause that required plaintiff's action and plaintiff has not responded to it. Doc. 5. Moreover, the order to show cause was returned as undeliverable, and plaintiff has failed to update his address with the Court. *See* Docket.

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's inability to communicate with plaintiff. *See, e.g.*, *Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address"). Moreover, the Court's warnings in its order to show cause that plaintiff's failure to comply with the Court's order may result in dismissal of this action, Doc. 5, satisfies the "considerations of the alternatives" requirement.[4] *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992).

///

---

[4] As with the findings and recommendations, though the order to show cause was returned to the Court as undeliverable, it was properly served on plaintiff pursuant to Local Rule 182(f).

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations, issued September 30, 2024, Doc. 7, are ADOPTED IN FULL;
2. This matter is DISMISSED without prejudice for failure to prosecute; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __November 2, 2024__

_____
UNITED STATES DISTRICT JUDGE